IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAPER, ALLIED-INDUSTRIAL CHEMICAL AND ENERGY WORKERS INTERNATIONAL UNION, PAPER ALLIED INDUSTRIAL CHEMICAL AND ENERGY WORKERS OF IDAHO LOCAL UNION No. 8-652,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY, a Government Agency; SPENCER ABRAHAM, Secretary of United States Department of Energy; ELIZABETH D. SELLERS, Manager United States Department of Energy Idaho Operations Office,<br><br>      Defendants. | Case No. CV-04-194-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it motions to dismiss filed by the Department of

Energy (DOE) and the Building Trades union. The Court heard oral argument and

Memorandum Decision & Order -- page 1

took the motions under advisement. For the reasons expressed below, the Court will permit plaintiffs (PACE) to proceed with claims for interim injunctive relief, but will stay all other aspects of this litigation pending resolution of administrative proceedings.

## FACTUAL BACKGROUND

The DOE operates the INEEL site, and is engaged in a project to clean soil contaminated with nuclear waste. Under DOE regulations, members of the PACE union will be hired for this project unless the work is covered by the Davis-Bacon Act, in which case the work will be performed by members of the Building Trades union, among others.

Work for these union members therefore hinges on whether the project is designated as Davis-Bacon work. How that decision is made is crucial to the outcome of this case.

Congress has authorized the Department of Labor (DOL) to promulgate regulations "for contractors . . . engaged in . . . completing . . . public works . . . ." 40 U.S.C. § 3145(a). The President has authorized the DOL to pass regulations "to assure coordination of administration and consistency of enforcement of the labor standards provisions of . . . [the Davis-Bacon Act] . . . ." *See Reorganization Plan No. 14 of 1950,* 5 U.S.C. App. at p. 134-36. The President chose the DOL as the

central agency for Davis-Bacon enforcement because the enforcement actions of various agencies "vary widely in character and effectiveness." *Id.*

Pursuant to this authority, the DOL passed regulations setting up a process for deciding Davis-Bacon work issues. Under this framework, "the contracting agency . . . has the initial responsibility for determining whether a particular contract is subject to the Davis-Bacon Act." *Universities Research Ass'n v. Coutu*, 450 U.S. 754, 760 (1981); *see also* 29 C.F.R. § 5.5(a). Here, that means that the DOE makes the initial determination whether the work is subject to Davis-Bacon.

The DOE's determination is "subject to administrative review" by the DOL. *Coutu,* 450 U.S. at 760. That review is conducted initially by the DOL's Wage and Hour Administrator (WHA). 29 C.F.R. § 5.13. A decision by the WHA may then be appealed to the DOL's Administrative Review Board (ARB), which renders a final agency decision on the matter. *Id.* § 7.1(d).

In this case, the DOE, as the contracting agency, made the initial decision that a portion of the work was covered by Davis-Bacon, and that another portion was not covered. In making that split decision, the DOE relied on its own regulations that defined how decontamination work would be classified under Davis-Bacon.

The Building Trades appealed the DOE's non-coverage decision to the

DOL's WHA, which reversed the decision of the DOE.  The WHA did not review the DOE regulations, but instead relied on definitions contained with the Davis-Bacon Act itself.

PACE appealed that decision to the ARB.  In its opening brief to the ARB, PACE argued that the WHA should have applied the DOE regulations to find that the work was not covered by Davis-Bacon.  *See Opening Brief attached as Exhibit 2 to Declaration of Yellig.*  The ARB has not rendered a decision.

In the interim, the DOE adopted the WHA decision, thereby reversing its prior decision that a portion of the work was not covered by Davis-Bacon.  Because the DOE had now adopted the position that all of the project was covered by Davis-Bacon, the contractors on the project replaced PACE workers with workers from Building Trades, among other unions.

PACE responded by filing this lawsuit under the Administrative Procedures Act (APA) to challenge the DOE's decision adopting the WHA decision.  PACE seeks an order from this Court requiring (1) that DOE follow its own regulations to classify the work as non-Davis-Bacon work, and (2) that PACE workers be restored to their prior jobs on the project.

The DOE and Building Trades have responded by filing motions to dismiss under Rule 12(b)(1), alleging that this Court lacks subject-matter jurisdiction to

Memorandum Decision & Order -- page 4

hear PACE's APA claims.  The Court will consider their arguments below.

## ANALYSIS

**1.     Federal Question Jurisdiction**

The APA contains no grant of subject-matter jurisdiction authorizing federal judicial review of agency action.  *Califano v. Sanders*, 430 U.S. 99, 107 (1977).  Thus, PACE must rely on some source other than the APA to confer subject-matter jurisdiction on this Court.  Here, PACE relies on the federal question statute, 28 U.S.C. § 1331.

To avoid a Rule 12(b)(1) dismissal, PACE must show that its allegations raise a federal question, but is not required to show that those allegations raise a viable cause of action.  *Clinton v. Babbitt*, 180 F.3d 1081, 1086-87 (9th Cir. 1999).  PACE's allegations do raise a legitimate federal question:  PACE alleges that the DOE failed to follow its own regulations, and "[i]t is by now axiomatic that agencies must comply with their own regulations while they remain in effect." *Columbia Basin Land Protection Assoc. v. Schlesinger*, 643 F.2d 585, 610 (9th Cir. 1981).  Whether or not true, PACE's allegations at least raise a federal question sufficient to satisfy § 1331.

**2.     Finality**

The APA authorizes, under certain conditions, suits against federal agencies and officers of the United States.  5 U.S.C. § 704.  One of those conditions is that the agency action must be "final."  *Id.*  An agency action is not considered final where the agency by rule (1) requires an appeal to a superior agency authority prior to judicial review, and (2) renders the action inoperative while the appeal is pending.  *Darby v. Cisneros*, 509 U.S. 137, 154 (1993).

If either of these two elements are not satisfied by the agency's rule, a party is not required to pursue an administrative appeal but may file suit in federal court.  *Acura v. Reich*, 90 F.3d 1403 (9th Cir. 1996).  If, however, a party proceeds on both fronts – that is, files an administrative appeal and a federal lawsuit – the federal lawsuit is subject to dismissal because the agency decision under review "may be modified or reversed during administrative reconsideration or review . . . ."  *Id.* at 1408-09.  This rule is based on the consideration "that it would waste scarce government resources to undertake parallel judicial review under such circumstances."  *Puget Sound Energy, Inc. v. U.S.,* 310 F.3d 613, 625 (9th Cir. 2002).

Here, PACE has challenged the DOE decision adopting the WHA decision.  The DOE's decision is fully operative – PACE members lost their jobs and the

project continues without them – and the DOE cites no authority that would render the decision inoperative. These circumstances gave PACE the right, under *Darby* and § 704, to file a federal lawsuit challenging the DOE's decision without pursuing any administrative appeal.

The DOE argues, however, that PACE elected to file an appeal to the ARB, and is therefore pursuing two avenues of relief. That is improper, asserts the DOE, under the rule cited in *Acura* and *Puget Sound*, discussed above.

PACE is clearly not engaging in precisely the same conduct addressed in *Acura*. There, a party sought review of a single agency decision in two different forums, a tactic declared improper by *Acura*. Here, PACE seeks review of two separate decisions as a result of having lost on two fronts – first when the WHA ruled against it, and second when the DOE decided to reverse itself and side with the WHA.

To protect itself, PACE appealed the WHA ruling to the ARB and challenged the DOE ruling in this federal lawsuit. These circumstances distinguish this case from the discredited tactical move faced in *Acura.*

Nevertheless, the principles of *Acura* and *Puget Sound* are still in play. Those cases are based on a larger principle that federal courts should generally not conduct wasteful proceedings parallel to administrative proceedings. If the ARB is

Memorandum Decision & Order -- page 7

considering the same issues raised in this lawsuit, *Acura* and *Puget Sound* counsel this Court to avoid a parallel proceeding. Thus, the Court's first task is to determine whether the ARB will decide the issues faced here.

In this case, PACE seeks (1) interim injunctive relief against the DOE, and (2) a final decision declaring that the work at issue is not covered by Davis-Bacon. Neither the DOE nor Building Trades cite any authority to this Court granting the ARB authority to award interim injunctive relief against the DOE. That issue is therefore not before the ARB, and may be pursued here.

PACE has clearly raised the second issue – whether the work is covered – with the ARB. Even though PACE has not directly appealed the DOE's decision to the ARB, it is arguing to the ARB that the WHA should have applied the DOE regulations to find that the work was not covered. That is essentially the same claim that PACE pursues here.

Thus, although the posture of the two actions is somewhat different, in each PACE is claiming that the DOE regulations require a finding that the work is not covered. If this Court and the ARB reach different conclusions on that issue, an intolerable conflict will result. That is precisely the situation that *Acura* and *Puget Sound* seek to avoid. Those cases would direct this Court to stand aside to allow

the ARB to resolve the coverage issue.[1]

In summary then, PACE may proceed here to seek interim injunctive relief against the DOE for deciding to adopt the WHA decision.  If any injunction is issued by this Court, a matter the Court expresses no opinion on at this time, the injunction will remain in effect until the ARB renders a ruling.  The remainder of this lawsuit will be stayed pending resolution of the coverage issues before the ARB.[2]

## 3. <u>Sovereign Immunity</u>

DOE argues that it has not waived its sovereign immunity, and that this Court therefore lacks subject-matter jurisdiction over PACE's claims.  Because the Court has held above that only the interim injunctive relief portion of this case shall go forward, the issue is whether the DOE in protected from any injunction by sovereign immunity.

---

[1] A central assumption of the Court in making this decision is that the DOE will comply with whatever decision is rendered by the ARB.  More specifically, the Court assumes that if the ARB reverses the decision of the WHA, the DOE will likewise reverse its prior decision adopting the WHA decision.  This would follow from the pre-eminent position held by the ARB in resolving Davis-Bacon coverage issues.  If the DOE fails to recognize the ARB decision, the Court would entertain a request for relief from PACE.

[2] The Court has decided to stay rather than dismiss that portion of this case seeking review of non-final decisions of the DOE.  The absence of finality under the APA does not deprive the Court of subject matter jurisdiction. *Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 830 (9th Cir. 2002)("the fact that an agency decision is not final under the APA is not a defect in subject matter jurisdiction").

Memorandum Decision & Order -- page 9

It is not. Under § 702 of the APA, the DOE is deemed to have waived its sovereign immunity protections if (1) PACE's claims are not for money damages; (2) an adequate remedy for PACE's claims is not available elsewhere; and (3) those claims do not seek relief expressly or impliedly forbidden by another statute. *Tucson Airport Auth. v. Gen. Dynamics Corp.,* 136 F.3d 641, 645 (9th Cir. 1998).

The first two requirements are met because only injunctive relief is at issue, and, as discussed above, PACE cannot obtain an injunction elsewhere. The third requirement is also met because DOE has cited no statute forbidding a request for injunction. Hence, PACE's claims for injunctive relief are not barred by sovereign immunity.[3]

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to dismiss (Docket Nos. 22 and 27) are GRANTED IN PART AND DENIED IN PART. The motions are granted to the extent that they seek to stay all portions of this case, except the request for interim injunctive relief, pending final resolution in

---

[3] The Court confines its discussion of sovereign immunity to PACE's claims for injunctive relief because that is the only claim going forward at this time. If other claims are later pursued in this case, the DOE remains free to raise its sovereign immunity argument to those claims at that time.

the ARB of the Davis-Bacon coverage issues. They are denied in all other respects.

DATED: **September 7, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court