IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAPER ALLIED INDUSTRIAL CHEMICAL AND ENERGY WORKERS INTERNATIONAL UNION; PAPER ALLIED INDUSTRIAL CHEMICAL AND ENERGY WORKERS OF IDAHO LOCAL UNION No. 8-652,<br><br>      Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF ENERGY, a Government Agency; SPENCER ABRAHAM, Secretary of Department of Energy; ELIZABETH D. SELLERS, Manager Department of Energy Idaho Operations Office,<br><br>      Defendants.<br><br>   and<br><br>BUILDING AND CONSTRUCTION TRADES DEPARTMENT, AFL-CIO; AND THE IDAHO STATE BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO,<br><br>      Intervenors. | Case No. CV-04-194-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

**Memorandum Decision and Order – Page 1**

The Court has before it several motions filed in this administrative review case. The Court heard oral argument and the motions are now at issue. For the reasons expressed below, the Court will (1) grant plaintiffs' motion to amend, (2) deny the Government's motion to dismiss, (3) deny intervenor's motion for summary judgment, and (4) deny plaintiffs' motion for preliminary injunction.

## LITIGATION BACKGROUND

The Department of Energy (DOE) operates the Idaho National Laboratory, and is engaged in a project to clean soil contaminated with nuclear waste. Under DOE regulations, members of the PACE union were to be hired for this project unless the work was covered by the Davis-Bacon Act, in which case the work would be performed by members of the Building Trades union, among others.

The DOE, as the contracting agency, made the initial decision that a portion of the work was covered by Davis-Bacon, and that another portion was not covered. In making that split decision, the DOE relied on its own regulations that defined how decontamination work would be classified under Davis-Bacon.

The Building Trades appealed the DOE's non-coverage decision to the Department of Labor's (DOL) Wage and Hour Administrator (WHA), which found that all the work was covered by Davis-Bacon. The WHA did not review the DOE regulations, but instead relied on definitions contained with the Davis-Bacon Act

**Memorandum Decision and Order – Page 2**

itself.

PACE appealed that decision to the DOL's Arbitration and Review Board (ARB). While awaiting that decision, the DOE adopted the WHA decision, thereby reversing its prior decision that a portion of the work was not covered by Davis-Bacon. Because the DOE had now adopted the position that all of the project was covered by Davis-Bacon, the contractors on the project replaced PACE workers with workers from Building Trades, among other unions.

PACE responded by filing this lawsuit under the Administrative Procedures Act (APA) to challenge the DOE's decision adopting the WHA decision. PACE's original complaint sought an order from this Court requiring (1) that DOE follow its own regulations to classify the work as non-Davis-Bacon work, and (2) that PACE workers be restored to their prior jobs on the project.

The Building Trades sought to intervene in this action, and the Court granted their motion. Shortly thereafter, the ARB rendered its decision affirming the decision of the WHA.

PACE responded by filing in this action a motion to amend its complaint to add the DOL as a party defendant and to appeal from the ARB decision. The Government does not object to adding the DOL as a party and allowing PACE to appeal the ARB decision, but it seeks to dismiss the DOE as a party defendant.

**Memorandum Decision and Order – Page 3**

The Building Trades has filed a motion for summary judgment seeking to affirm the decision of the ARB. Finally, PACE seeks a preliminary injunction requiring the DOE to reverse its decision adopting the WHA decision.

## ANALYSIS

**1.    Motion to Amend & Motion to Dismiss**

In their proposed Second Amended Complaint, PACE seeks review of the DOE decision and the DOL decision, and seeks to add the DOL as a party defendant. The Government has no objection to the amendment, but seeks to dismiss the DOE and substitute the DOL in its place.

The Court will grant the motion to amend and allow the filing of the Second Amended Complaint. Given that the new complaint challenges decisions of both agencies, the Court will not dismiss the DOE at this time. Whether the DOE is a proper party is an issue intertwined with the issue whether the DOL's authority is preeminent. These issues need to be addressed as a package. As the Court will discuss more fully below, this case is not now in a posture where the Court can resolve all issues. Thus, the Court will deny the Government's motion to dismiss without prejudice to the Government's right to raise the same arguments at a later time, as discussed below.

**2.    Building Trades' Motion for Summary Judgment**

**Memorandum Decision and Order – Page 4**

Building Trades seeks summary judgment affirming the decision of the DOL's ARB. In support of its motion, Building Trades has filed with this Court the administrative record before the ARB.

Under the APA, 5 U.S.C. § 702, only a "person suffering a legal wrong because of any agency action" or a person "adversely affected or aggrieved by agency action" is entitled to judicial review of an agency decision. Yet here, Building Trades is pursuing an appeal of the DOL decision despite the fact that it was the prevailing party. Certainly Building Trades is free to respond to the appeal of PACE, the losing party, by arguing that the ARB decision should be affirmed. However, Building Trades brought its own appeal – by filing its motion for summary judgment – even before PACE amended its complaint to add its own appeal from the ARB decision.

Building Trades premature "appeal-by-motion-for-summary-judgment" has created another problem because the DOL was not added as a party until the briefing on that motion was completed. The posture of Building Trades' motion would have the Court ruling on the ARB decision without ever hearing from the DOL.

The Court will therefore deny Building Trades' motion for summary judgment, not on the legal merits but instead because its timing was improper. The

**Memorandum Decision and Order – Page 5**

Court will set a schedule for briefing on the appeal that will put this case in the proper posture.

**3.     PACE's Motion for Preliminary Injunction**

PACE seeks a preliminary injunction requiring DOE to reverse its decision adopting the WHA decision. To prevail, PACE must show "either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." *Sega Enters. v. Accolade*, 977 F.3d 1510, 1517 (9th Cir. 1992). These two alternatives represent extremes on a single continuum rather than two separate tests. *Id*. Thus, the greater the relative hardship to the moving party, the less probability of success must be shown. *Id*.

Here, the relative hardships are a wash – a loss for either party will mean a substantial, and a substantially similar, loss of jobs and money. Because the hardships are so equal, PACE must satisfy the highest standard for success on the merits. It cannot do so.

In its earlier decision, the Court discussed the preeminent role played by the DOL in determining Davis-Bacon issues. The Court will not repeat that discussion here but simply incorporate it by reference. Without ruling definitively, it appears likely that DOE was acting consistent with Congressional intent when it reversed

**Memorandum Decision and Order – Page 6**

its prior decision so as to align itself with the DOL's rulings.

Obviously, the Court has not had the same opportunity to research and study this issue as it will have when it reviews PACE's appeal. Thus, this decision will have no precedential weight in considering that appeal – the appeal will be decided on a clean slate. The Court is merely holding that on the basis of an admittedly cursory examination, it appears that PACE does not have the likelihood of success on the merits that would warrant issuance of a preliminary injunction.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 62) is DENIED.

IT IS FURTHER ORDERED, that the motion to amend/correct complaint (docket no. 66) is GRANTED, and the Clerk of the Court is directed to file the Second Amended Complaint.

IT IS FURTHER ORDERED, that the motion for summary judgment (docket no. 69) is DENIED.

IT IS FURTHER ORDERED, that the motion for preliminary injunction (docket no. 50) is DENIED.

IT IS FURTHER ORDERED, that counsel shall contact the Court's Clerk,

**Memorandum Decision and Order – Page 7**

LaDonna Garcia (208-334-9021) to set a Scheduling Conference to set a briefing schedule on all remaining issues.

DATED: **April 13, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 8**